Dear Mr. Evans:
In your letter of May 12, 1981, you inquired as to the present application of R.S. 14:140. Specifically, you asked if the statute prohibits a full-time municipal police officer from owning or partially owning stock in a security guard service.
Public contract fraud is the subject of R.S. 14:140. Subsection A(3) of the statute provides:
"A. Public contract fraud is committed:
 (3) When any sheriff charged with the duties of enforcing the laws of this state or any political subdivision thereof shall enter into a contract, either written or oral, individually or as a member, company, or corporation, with any such person whereby such sheriff or partnership, company, or corporation, of which he is a member or stockholder is to perform any services of a law enforcement nature; provided however, a deputy sheriff may, as an employee only, perform services of a law enforcement nature for any person, partnership, company, or corporation, but only if said deputy sheriff fulfills his employee performance requirements while not on official duty." (Emphasis supplied)
Act 562 of 1979 amended R.S. 15:150. The amendment deleted deputy sheriffs from the first sentence of Subsection A(3) and added the second sentence concerning off-duty employment of deputy sheriffs. The amendment has allowed for employment of deputy sheriffs in private law enforcement related positions. However, there is still, by implication, a prohibition against their holding more than a mere employee position.
Revised Statute 1:4 sets forth the general principle that, "when the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit." The statute in question, R.S. 14:140, mentions only sheriffs and their deputies. The statute does not refer to municipal employees, specifically, police officers. There are no statutes directly prohibiting a police officer from owning stock in a security guard service. The civil service laws, particularly R.S. 33:2500 and 33:2560, prohibit a policeman from committing an act contrary to public interest or policy.
In conclusion, a police officer is not prohibited from owning stock in a security guard service unless a conflict of interest were shown, or unless the employee's outside interest hampered the performance of his official duties.
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: KENNETH C. DEJEAN Assistant Attorney General
KCD:CDY:lg
#107____ Sheriffs, Constables and Marshals, including Ex-Officio Tax Collectors, right powers, and duties in State of Louisiana general. Deputy sheriff may not operate or have DEPARTMENT OF JUSTICE an interest in a guard service. WILLIAM J. GUSTE. JR. Baton Rouge R.S. 14:140
ATTORNEY GENERAL 70804